■ BANCO ESPANOL DE CREDITO, Respondent, v. PIERRE S. DU PONT, Appellant. (Two Actions.) — Orders, entered March 4, 1965, denying two motions by defendant to dismiss the actions for lack of jurisdiction over the person of defendant, affirmed, with $30 costs and disbursements to plaintiff-respondent. Du Pont is a special partner of two limited partnerships existing under the laws of New York. The notes which are the subject of the actions were executed by Du Pont as accommodation indorser to make available his credit in the production of motion pictures which constituted the enterprise or the business of the limited partnerships. Hence, the notes arise from transactions within the State of New York thereby subjecting Du Pont to the jurisdiction of the courts of this State. (*Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke*, 15 N Y 2d 443.) Concur — Rabin, J. P., Valente and McNally, JJ.; Eager and Steuer, JJ., dissent in the following memorandum: Jurisdiction over a nondomiciliary in a contract action depends on whether the nonresident defendant "has engaged in some purposeful activity in this State in connection with the matter in suit" (*Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke*, 15 N Y 2d 443, 457). "The matter in suit" is a promissory note, and liability is asserted against defendant as an indorser. Neither the note itself (made by a Delaware corporation) nor the indorsement has any significant connection with this jurisdiction. The note became a valid instru-

ment when it was delivered in Spain to the payee. The funds were received there. As far as the indorsement is concerned, it was physically executed in Delaware. The majority relies on the fact that the funds were borrowed for the purpose of a limited partnership. This partnership was engaged in making moving pictures in Spain. The money was intended to be used in that activity and, presumably, was so used. The partnership had its offices in New York and transacted business here. Defendant was a limited partner. However, neither the partnership nor the defendant as a limited partner is being sued. No activity in connection with the contract in suit (except perhaps its physical preparation) took place in this jurisdiction. Nor was there any claim that aside from his connection with the partnership, whose business was benefited by the use of the proceeds of the note, the individual defendant engaged in any business here. Surely jurisdiction over a limited partner cannot be based on the activities of a partnership any more than it could be asserted against an individual who happened to be a corporate stockholder because of the presence or activities of the corporation. The orders should be reversed and the motions to dismiss granted.