Leonard M. SALTER, as Trustee in Bankruptcy of Corporate Operations, Inc.

v.

Howard M. LAWN.

Civ. A. No. 68–837–W.

United States District Court
D. Massachusetts.

Dec. 27, 1968.

Joseph Kruger, Charles P. Gamer, Boston, Mass., for plaintiff.

Harold Brown, Howard L. Newell, Brown & Leighton, Boston, Mass., for defendant.

## OPINION

WYZANSKI, Chief Judge.

Defendant moves to quash service made upon him by certified mail pursuant to the Massachusetts so-called "Long Arm" statute, Mass.Laws of 1968 c. 760, Mass.G.L. c. 223A §§ 3(a), 4, and 6(a) (3).

Plaintiff is the trustee in bankruptcy of a New York corporation, doing its principal business in Massachusetts. It has as its sole stockholder, president, and one of its three directors defendant, a citizen and resident of New Jersey. The other two directors are his wife, and his attorney.

On behalf of The Most Reverend Louis J. Reicher, Bishop of Austin, Texas, defendant purchased 22 nursing homes in Massachusetts, it being agreed between the bishop and defendant that defendant should organize the bankrupt corporation to manage and operate the Massachusetts nursing homes, and that defendant should receive 10%, and the bishop the remainder, of the profits which would presumably come from the nursing homes.

Frequently defendant came to Massachusetts in connection with the 1963 organization and subsequent operation of the bankrupt corporation.

Between 1963 and 1966 the bankrupt corporation borrowed money from The City Bank and Trust Co. of Boston, Massachusetts. Those borrowings were made by the bankrupt acting through defendant, or, on occasion, his wife, or his attorney. Many of the loans by the bank to the bankrupt were on notes of the bankrupt endorsed or otherwise guaranteed by defendant, and delivered in Massachusetts.

The bankrupt corporation made deposits in the aforesaid bank in Massachusetts. The bankrupt, acting by persons presumably authorized but now unknown to plaintiff trustee in bankruptcy, caused transfers to be made from the bankrupt's said account with the bank. The transfers were made from the bankrupt's account to the bank itself with the purpose and effect of reducing the liability to the bank on the notes of the bankrupt, guaranteed by defendant. Without reciting details, it is enough to say that there is substantial evidence that defendant was aware of those transfers, and that there is disputed evidence that directly or indirectly defend-

ant personally ordered or ratified those transfers.

Plaintiff, as trustee for the bankrupt, relying on §§ 60a and b of the Bankruptcy Act, brings this action to recover from defendant alleged preferences received by defendant when the bankrupt corporation transferred certain of its property for defendant's benefit, that is when the bankrupt corporation paid the bank the notes guaranteed by defendant.

The "Long Arm" statute, Mass.G.L. c. 223A § 3(a), provides that "* * * a court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's * * * transacting any business in this commonwealth." Of course, the statute is incorporated by reference as appropriate for service in an action brought in the United States District Court for the District of Massachusetts. Rules 4(e), 4(d) (7) and 4(f), Rules of Civil Procedure. See Moore's Federal Practice, 2nd ed. ¶ 4.41–1[3]. See particularly pp. 1291.56 et seq.

On the facts recited, defendant having organized, used, and controlled the bankrupt corporation with the sole purpose of carrying out his agreement with the bishop under which he is to receive 10% and the bishop 90% of the profits of the nursing homes, it follows as a matter of law that:

(1) The bankrupt corporation was in *all* its business defendant's agent.

(2) Defendant was "*a person who acts * * * by an agent*" as to all causes of action arising from the bankrupt corporation's "transacting any business in this commonwealth."

(3) The bankrupt corporation's uses of its deposit in a Massachusetts bank to pay obligations due to that bank in Massachusetts were examples of defendant himself and not merely the bankrupt corporation "*transacting * * * business in this Commonwealth.*"

(4) Plaintiff's action in this court, pursuant to the Bankruptcy Act, to recover from defendant on the basis of preferences to him is an action *arising* out of the bankrupt corporation's use of its funds to pay the bank obligations on notes made by the bankrupt corporation and guaranteed by defendant.

Another way of arriving at the same ultimate conclusions is to observe that the notes which had been made and paid by the bankrupt corporation in Massachusetts had previously been guaranteed in Massachusetts by defendant, and that guarantee was discharged in Massachusetts by the bankrupt corporation's payments in this Commonwealth. Where a non-resident guarantees in Massachusetts a note made in Massachusetts by a Massachusetts primary obligor, the non-resident, by virtue of the "Long Arm" statute, is subject to service on a cause of action arising out of the guarantee. Cf. Banco Espanol de Credito v. DuPont, 24 A.D.2d 445, 261 N.Y.S.2d 233 (Sup. Ct.App.Div., 1st Dep., 1965); Hunter-Hayes Elevator Co. v. Petroleum Club Inn Co., 77 N.M. 92, 94–96, 419 P.2d 465 (1966). And if the avoidance of the guarantee is a consequence of a preferential payment made in Massachusetts, an action against the non-resident guarantor to recover a preference is "a cause of action arising [albeit indirectly] from the person's transacting * * * business in this commonwealth."

Nothing in this opinion considers whether the bank is a necessary party to this action. Nor does this opinion address itself to the question whether the trustee in bankruptcy as a matter of substantive law can recover the value of a preference from the defendant whose benefit consisted in being relieved of his obligation under a guarantee.

Motion to quash denied.