KAHN PAPER CO., INC., Plaintiff,

v.

Clifford D. CROSBY and William B. Coulter, Defendants.

Civ. A. No. 78–1373–C.

United States District Court,
D. Massachusetts.

Sept. 24, 1979.

Joseph Ress, Frank J. Teague, Mills & Teague, Boston, Mass., for plaintiff.

Richard F. McCarthy, Willcox, Priozzolo & McCarthy, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a contract action brought by Kahn Paper Co., against defendants, Clifford D. Crosby and William B. Coulter. Plaintiff's claim is posited on a guaranty agreement in which Crosby and Coulter guaranteed payment for goods shipped on credit to Manufacturers Box Company, Inc. (Manufacturers). Manufacturers is a Connecticut corporation which was liquidated in 1978. Plaintiff is a Massachusetts corporation. Defendants are residents of Connecticut. Jurisdiction is invoked under 28 U.S.C. § 1332.

Defendant Crosby has moved to dismiss the action for lack of personal jurisdiction over him within the meaning of Mass.Gen. Laws Ch. 223A, § 3(a). The matter has been briefed by the parties and submitted to the court for consideration. Both parties have filed affidavits bearing on the issue of jurisdiction. After hearing, I find and rule as follows.

It is well-settled that the state law of the forum determines the amenability of a non-resident defendant to suit in a federal court diversity action. *E. g., Caso v. Lafayette Radio Electronics Corp.*, 370 F.2d 707 (1st Cir. 1966). Mass.Gen.Laws Ch. 223A, § 3(a) gives jurisdiction over a non-resident defendant if the defendant either directly or through an agent transacted any business in Massachusetts and if plaintiff's claim arises from such transaction of business. *Droukas v. Divers Training Academy, Inc.*, —— Mass. ——, 376 N.E.2d 548 (1978). Confronted with a motion to dismiss, plaintiff bears the burden of establishing the facts upon which the question of personal jurisdiction over the defendant is to be determined. *E. g., KVOS, Inc. v. Associated Press*, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936); *Aro Manufacturing Co. v. Automatic Body Research Corp.*, 352 F.2d 400 (1st Cir. 1965), *cert. denied*, 383 U.S. 947, 86 S.Ct. 1199, 16 L.Ed.2d 210 (1966).

Plaintiff cites *Salter v. Lawn*, 294 F.Supp. 882 (D.Mass.1968), to support its contention that the court has personal jurisdiction over Manufacturers, the principal debtor and argues that this in turn gives the court *in personam* jurisdiction over Crosby as guarantor.

The facts of *Salter v. Lawn, supra*, are clearly distinguishable from the facts of the instant case whose facts do not provide a basis for bringing defendant Crosby within the court's jurisdiction. In *Salter*, a trustee in bankruptcy of a New York corporation doing its principal business in Massachusetts brought an action to set aside a preference received by the non-resident defendant who was the sole stockholder, president and one of three directors of the bankrupt corporation. The court found that the defendant guaranteed in Massachusetts notes made in Massachusetts by a Massachusetts primary obligor and that such notes were discharged in Massachusetts. On those facts, the court ruled that the defendant was subject to service, by virtue of the Massachusetts long-arm statute, in case a cause arising from the guarantor's transacting business in Massachusetts. Significantly, the court considered all of the following factors in reaching its conclusion: (1) the bankrupt corporation was the defendant's

agent; (2) the defendant acted through an agent as to all causes of action arising from the bankrupt corporation's transacting any business in Massachusetts; (3) the defendant himself transacted business in Massachusetts; and, (4) the plaintiff's cause of action arose out of the bankrupt corporation's use of its funds to pay the bank obligations on notes made by the bankrupt corporation and guaranteed by the defendant, all of which occurred in Massachusetts. *Id.* at 884.

■ In contrast, here it is undisputed that defendant Crosby never personally transacted any business in Massachusetts. At all times relevant to the complaint Crosby was a fifty percent shareholder of Manufacturers and a partner thereof. He made all his contacts with Kahn Paper Co. (Kahn) through the mail or by telephone from Connecticut.

As for Manufacturers, its contacts with Massachusetts are substantially less than those of the bankrupt corporation in *Salter.* Manufacturers maintained no place of business in Massachusetts; it had no telephone listing in Massachusetts; it had no mailing address in Massachusetts; it owned no real or personal property in Massachusetts; and it obtained no authorization to do business in Massachusetts. Manufacturers did, however, purchase on credit between 1972 and 1978 paper materials from Kahn, a boxboard broker. Manufacturers placed its orders with Kahn by telephone and followed with a written confirmation within two working days from the date of the telephone order. Affidavit of plaintiff avers that in 1977 there were ninety-eight separate sale transactions between Kahn and Manufacturers. Delivery of the paper materials was made either by Kahn shipping direct to Manufacturers from various mills located throughout the southern part of the United States or, less frequently, by Manufacturers sending its own trucks into Massachusetts to pick up the products stored at the Kahn Paper Co. offices.

Further contrasting the instant case with *Salter*, the pertinent facts leading to this action did not occur in Massachusetts. When Manufacturers fell behind in its payments to Kahn, Crosby and Coulter agreed to personally guarantee any indebtedness of Manufacturers. They executed a letter of guaranty in which they promised to pay any indebtedness of manufacturers in excess of $30,000 and limited to $70,000. The guaranty agreement was executed by all parties thereto in Connecticut at the office of Manufacturers. Subsequently, a second letter of guaranty raising the limit to $100,000 was executed in Connecticut by Crosby in the presence of the President of Kahn. Coulter, in Connecticut, later executed the second letter of guaranty and mailed it to the plaintiff in Massachusetts.

Even assuming without deciding that for the purposes of this motion Manufacturers was Crosby's agent, that Crosby acted through Manufacturers, and that Manufacturers transacted business in Massachusetts, *cf. "Automatic" Sprinkler Corp. of America v. Seneca Foods Corp.,* 361 Mass. 441, 280 N.E.2d 423 (1972), *with Wittaker Corp. v. United Aircraft Corporation,* 482 F.2d 1079 (1st Cir. 1973) *, I rule that jurisdiction does not lie under Mass.Gen.Laws, Ch. 223A, § 3(a). The Massachusetts long-arm statute requires that the cause of action arise out of the transacting of any business within Massachusetts before a court can acquire *in personam* jurisdiction over a foreign corporation. *Singer v. Piaggio & Co.,* 420 F.2d 679, 681 (1st Cir. 1970). Here if the obligation to pay a guaranty is a consequence of a guaranty executed in Connecticut; then, an action against a guarantor to recover the principal obligor's indebtedness is not a cause of action arising out of Manufacturers transacting business in Massachusetts,

---

* The case at bar falls between the facts of these two cases. Manufacturers' contacts with Massachusetts were more substantial than those found in *Automatic* but substantially less than those found in *Whittaker.* Manufacturers appears to fall into the category of passive purchaser absent allegations in the complaint that its contacts were of the type of supervision or participation in which United had engaged. *See Whittaker Corp. v. United Aircraft Corporation, supra* at 1083–84.

and I so rule. I further rule that plaintiff has failed to meet its burden of establishing facts which would give the court personal jurisdiction over the defendant Crosby. *KVOS, Inc. v. Associated Press, supra; Aro Manufacturing Co. v. Automobile Body Research Corp., supra.*

Accordingly, an order will enter granting defendant Crosby's motion to dismiss for lack of personal jurisdiction over him within the meaning of Mass.Gen.Laws. Ch. 223A, § 3(a).