THE FIRST NATIONAL BANK OF BOSTON *vs.* MORRIS H. BERGREEN & others. March 2, 1981. By this action the plaintiff (First National) seeks to establish the indebtedness of the defendants under the terms of certain written guaranties, by which each of the defendants guaranteed the indebtedness of Innovex, a Massachusetts corporation, to the plaintiff.

1. The judge correctly denied the defendants' motion to dismiss for lack of personal jurisdiction. See G. L. c. 223A, § 3, as amended through St. 1976, c. 435. We think that the instant case is controlled in all material respects by *Salter* v. *Lawn*, 294 F.Supp. 882, 884 (D.Mass. 1968). See *Carlson Corp.* v. *University of Vt.*, 380 Mass. 102, 106 n.6 (1980), wherein the *Salter* case is discussed. There are additional interests in and connections with Massachusetts that are present here which were absent in *Kahn Paper Co.* v. *Crosby*, 476 F.Supp. 1011, 1013

(D. Mass. 1979), a case relied on by the defendants. Bernard Bergreen was an officer and director of Moorgate Capital Company, an entity which possessed a substantial equity investment in and a near majority of the voting stock of Innovex, the obligor. In addition, Bernard and Morris Bergreen managed the two companies which were the sole shareholders of Moorgate Capital. Negotiations were initiated and conducted at First National's Boston office by Morris Bergreen, and not by mail or over the telephone, as in *Kahn Paper*. The instant guaranties were in aid of a substantial investment in a Massachusetts corporation, whereas, in *Kahn Paper*, the guaranties were for the indebtedness of an out-of-State corporation. "Where the nonresident defendant's contacts with Massachusetts had substantial commercial consequence in this State, personal jurisdiction [may be] found, notwithstanding [unlike here] the absence of actual physical presence in Massachusetts." *Carlson Corp.* v. *University of Vt., supra* at 107. It can be fairly said that the activities of these defendants were not "an isolated transaction without commercial consequences in Massachusetts." *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, 378 Mass. 1, 9 (1979).

The defendants here, through their financial interests in Innovex as well as through Morris' contact with First National, availed themselves of "the privilege of conducting activities within the forum State," *Hanson* v. *Denckla*, 357 U.S. 235, 253 (1958), and thus subjected themselves to the personal jurisdiction of the courts of the Commonwealth.

2. The defendants' principal challenge on the merits is that genuine issues of material fact exist as to whether there were misrepresentations by the bank which induced the defendants to execute the guaranties in question. We think the Superior Court judge properly concluded that this defense as well as the others was either insufficient as matter of law or unsupported by admissible evidence. See *John B. Deary, Inc.* v. *Crane*, 4 Mass. App. Ct. 719, 721-722 (1976).

For the most part, the defendants' contentions have no force, as they are controlled by the express terms of the contracts of guaranty, see *Canney* v. *New England Tel. & Tel. Co.*, 353 Mass. 158, 165 (1967), and as such are legally insufficient to state a defense to this action. Moreover, the defendants have failed to show that First National made any material misrepresentation at the time the guaranties were executed.

Having failed to plead or present any evidence of fraud at the time the guaranties were executed (see *Barret Associates* v. *Aronson*, 346 Mass. 150, 152 [1963]), the defendants are forced to rely on activities occurring after the loan proceeds were distributed to the obligor. Passing the problem that several of these defenses are now being raised for the first time on appeal (see *John B. Deary, Inc.* v. *Crane, supra* at 724), we think that they are likewise of no avail, as it is evident that no specific facts were set forth in support thereof. Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974). See *Royal Bank of Canada* v. *Connolly*, 9 Mass. App. Ct. 905

(1980). Moreover, the terms of the guaranties authorize the actions taken by First National.

In sum, the guaranties are absolute, unconditional and unambiguous on their face and no evidence was presented to show otherwise. The mere assertion of factual misrepresentations is insufficient to raise a genuine issue of material fact. See *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 559 (1976). It is well settled that a defendant cannot in opposition to a motion for summary judgment merely raise "vague and general allegations of expected proof." *Id.* at 555-556, citing *Albre Marble & Tile Co.* v. *John Bowen Co.*, 338 Mass. 394, 397 (1959).

We conclude that there was no genuine dispute as to any material fact and that the judge correctly ruled that the plaintiff was entitled to a judgment in its favor as matter of law.

*Judgment affirmed.*

*Ronald H. Rappaport* for the defendants.
*Gary R. Greenberg* for the plaintiff.