William A. HAHN, Plaintiff
V.
VERMONT LAW SCHOOL, INC.
et al., Defendants

No. 82-432-S

United States District Court
Commonwealth of Massachusetts

May 25, 1982

Robert C. Hahn, Esq., counsel for the plaintiff.
Harrison A. Fitch, Esq., counsel for defendant.

## MEMORANDUM AND ORDER

**Skinner, D.J.** Plaintiff William A. Hahn, a Massachusetts resident, brings this suit for declaratory and injunctive relief and damages for breach of contract against defendant Vermont Law School ("VLS") a Vermont corporation, and Thomas Ross, a Vermont citizen. The defendants have moved to dismiss the complaint on the ground that they lack sufficient "minimum contacts" with this forum to allow this Court to exercise **in personam** jurisdiction. Fed. R. Civ. P. 12(b)(2). For the reasons which follow, the motion is allowed and this case is hereby dismissed.
**Facts.**

The following facts appear from filed affidavits and from the allegations of the complaint: Mr. Hahn is a resident of Massachusetts. The defendants are residents of Vermont. The defendant VLS is a nonprofit corporation organized under the laws of Vermont and located in South Royalton, Vermont. It is not licensed to do business in Massachusetts. It has placed advertisements in Boston newspapers and sent recruiters into the Commonwealth to discuss VLS with prospective applicants. However, there is no evidence that any of its recruiters came to Massachusetts during the period when Mr. Hahn was in college. Defendant Ross is an Associate Professor of Law at VLS. He has not performed any recruiting duties on behalf of VLS in the Commonwealth.

Plaintiff received his undergraduate degree from the University of Massachusetts at Amherst. He learned of VLS from a Boston Globe article in 1977.

He mailed an application to the school on December 13, 1977. On March 22, 1978, VLS mailed an offer of admission. On April 3, 1978, plaintiff mailed his acceptance along with a $100 deposit.

In the fall of 1980, Mr. Hahn took a course entitled "Secured Transactions" taught by defendant, Thomas Ross. The course was taught solely on VLS's campus. In January, 1981, plaintiff received an "F" on his examination in "Secured Transactions". Following the announcement of his grades, plaintiff proceeded through various administrative avenues in an attempt to have the grade changed. His attempts proved fruitless. He filed this suit in February of 1982.

**Discussion.**

In a diversity action, the law of the forum state determines the amenability of a nonresident to suit. **Kahn Paper Co., Inc. v. Crosby**, 476 F. Supp. 1011 (D. Mass. 1979), citing **Caso v. Lafayette Radio Electronics Corp.**, 370 F. 2d 797 (1st Cir. 1966). Thus, a preliminary discussion of the scope of the Massachusetts long-arm statute, M.G.L. c. 223A, sec. 3 is required. In **"Automatic" Sprinkler Corp. v. Seneca Foods Corp.** 361 Mass. 441, the Supreme Judicial Court stated that this statute "allowed assertion of jurisdiction over the person to the limits allowed by the United States Constitution". In a subsequent opinion, however, the Court explained that the long-arm statute asserts jurisdiction over the person to the constitutional limit only when some basis for jurisdiction enumerated in the statute has been established. Although presented with jurisdictional facts sufficient to survive due process scrutiny a judge would be required to decline to exercise jurisdiction if the plaintiff was unable to satisfy at least one of the statutory prerequisites. **Good Hope Industries v. Ryder Scott Co.**, 389 N.E.2d 76, 80 (1970). The statute therefore imposes an additional set of constraints on a court's assertion of **in personam** jurisdiction.

The pertinent part of the statute

provides:

> ... a court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . .
>
> a) transacting any business in this Commonwealth.

Defendants argue that they have not had sufficient contacts with this forum to justify assertion of **in personam** jurisdiction. Their motion presents two questions: (1) whether VLS's activities in the Commonwealth constitute the transaction of business; and (2) whether plaintiff's cause of action arose out of the transaction of business.

With respect to the first question, the Supreme Judicial Court has stated that "the statute's reference to 'transacting any business' does not require that the defendant have engaged in commercial activity. That language is general and applies to any purposeful acts by an individual." **Ross v. Ross,** 371 Mass. 439, 358 N.E. 2d 4371 (1976). Thus, where defendant, a New Jersey resident, had used the courts of the Commonwealth to obtain an increase in support payments, she had "transacted business" in the Commonwealth. However, in **Droukas v. Divers Training Academy, Inc.,** 375 Mass. 149, 376 N.E. 2d 548 (1978), the Court held that where the defendant's only contacts with Massachusetts were placing an advertisement in a publication distributed in the commonwealth; receiving in Florida a telephone call from plaintiff in Massachusetts and sending correspondence to the plaintiff, it had not "purposefully (availed) itself of the privilege of conducting activities in the forum state . . ." 375 Mass. at 159, quoting **Hanson v. Denckla,** 357 U.S. 235, 253 (1958).

In the instant case, VLS has done more than place advertisements in publications and mail correspondence into the Commonwealth. It has since 1980 sent recruiters into the Commonwealth to inform pre-law advisers and students about VLS. I conclude that this was "purposeful activity" sufficient to find that VLS has transacted business in the Commonwealth.

The more difficult question is whether the cause of action "arises from" this transaction of business. To date neither the Supreme Judicial Court nor our Court of Appeals has had occasion to delineate the scope of this term with respect to the Massachusetts long-arm statute. In **Nova Biomedical, supra,** the Court of Appeals expressly declined to consider the issue. In considering the question with regard to the Puerto Rico statute, however, they held that the district court lacked personal jurisdiction where the only contacts that a New Jersey corporation had with Puerto Rico were its ownership of a Puerto Rican corporation and its obtaining a Puerto Rican trademark. Those contacts were insufficient to confer personal jurisdiction. **Escude Cruz v. Ortho Pharmaceutical Corp.,** 619 F. 2d 902 (1st Cir. 1980). Significantly, the Court stated:

> Although (obtaining the trademark— was an affirmative act and a purposeful availment of the protection of Puerto Rico's laws, it does not bear any relationship to the cause of action. There is no logical relationship between the . . . trademark and the operations of the (subsidiary corporation) that allegedly injured plaintiff. 619 F. 2d at 906.

More recently the Court of Appeals for the Fifth Circuit extensively reviewed this issue in examining the Texas long-arm statute. In **Prejean v. Sonatrach, Inc. et al,** 652 F. 2d 1246 (5th Cir. 1981), two widows brought a wrongful death suit. The decedents were employed by a Texas engineering firm which had contracted with Sonatrach, the Algerian National Oil Co., to provide technical assistance. While performing duties in Algeria pursuant to the contract, an aircraft manufactured by defendant Beech Aircraft Corp. owned by defendant Air Algerie and chartered by Sonatrach crashed and killed the engineers. The district court dismissed all three

defendants for lack of personal jurisdiction. Significant for our purposes was the court's discussion of defendants Beech and Sonatrach. The Court found that although Beech (the plane manufacturer) carried on substantial activities in Texas, those activities "have not been shown to have the slightest causal relationship with the decedents' wrongful death . . . Because the tort did not occur in Texas and the cause of action did not arise from Beech's activities in Texas the requirements of the Texas statute were not met." 652 F.2d at 1270. The Court of Appeals reversed and remanded the case to the district court for additional discovery to determine two questions: (1) whether Sonatrach had in fact contracted with the Texas firm, and if so, whether there was a "logical relationship" between the wrongful death action and the contract; and (2) whether Sonatrach had chartered the plane, and if so, whether there was a logical relationship between that allegedly negligent act and the wrongful death action.

This suit is for a breach of contract. All the activities giving rise to this cause of action, i.e., plaintiff's receipt of failing grade and his efforts to have the matter resolved through administrative channels occurred in Vermont. Mr. Hahn did his undergraduate studies at University of Massachusetts at Amherst. He entered VLS in August, 1978. Nothing in the record indicates either that VLS recruiters visited that school or any other school in Massachusetts while he was an undergraduate student. In fact, plaintiff stated that he applied to VLS in response to an article in the Boston Globe.

The burden of establishing jurisdiction is on the plaintiff. Where the question is decided solely on the basis of written materials, plaintiff need only make out a **prima facie** case. **Welsh v. Gibbs,** 631 F.2d 436 (6th Cir. 1980); **Data Disc, Inc. v. Systems Technology Associates, Inc.,** 557 F.2d 1200 (9th Cir. 1977). In the present case, the plaintiff might make out a **prima facie** case of personal jurisdiction if it appeared that he had chosen to go to the defendant law school as a result of its transaction of business, i.e., recruitment, in the Commonwealth. Because of the absence of evidence as to the commencement of the recruiting program within the Commonwealth, however, the plaintiff's proof fails.

Accordingly, defendant's motion is ALLOWED and the case is DISMISSED.

**Walter Jay Skinner**
**United States District Judge**