**MARINE MIDLAND BANK, N.A.**

v.

**Nick I. GOYAK.**

**84 Civ. 1204 (EW).**

United States District Court,
S.D. New York.

May 24, 1984.

Walsh & Frisch, New York City, for plaintiff; Jerome K. Walsh, Eric P. Sullivan, New York City, of counsel.

Phelan & Costello, New York City, for defendant; John Phelan, III, New York City, of counsel.

EDWARD WEINFELD, District Judge.

Defendant, an attorney practicing in Portland, Oregon, moves to dismiss this diversity action upon the ground that the Court has no jurisdiction over him. The motion is denied.

This action arises out of the default of Museum Magazine Associates ("MMA") on an $800,000 loan advanced by the plaintiff in New York. Defendant, a limited partner of MMA, co-endorsed the loan for $25,000, which plaintiff now seeks to collect. Defendant asserts, however, that plaintiff cannot sue to collect the $25,000 in this Court, because defendant is a resident of Oregon, negotiated and signed the co-endorsement there, had no contacts with New York with respect to the loan, and therefore is not subject to personal jurisdiction

under New York's long-arm jurisdiction statute, New York CPLR § 302(a)(1).

It is well established under New York law that a "non-resident guarantor's promise to pay an obligation in New York, without more, ... [does not] confer long-arm jurisdiction on that guarantor." *Export Credit Corp. v. Diesel Auto Parts Corp.*, 502 F.Supp. 207, 209 (S.D.N.Y.1980); *see also Birmingham Fire Ins. Co. v. KOA Fire and Marine Ins. Co., Ltd.*, 572 F.Supp. 969 (S.D.N.Y.1983); *Media Corp. of Am. v. Motif Mfg. Co.*, 524 F.Supp. 86, 87 (S.D.N.Y.1981); *Hubbard, Westervelt & Mottelay Inc. v. Harsh Bldg. Co.*, 28 A.D.2d 295, 284 N.Y.S.2d 879 (1st Dep't 1967). Here, however, there is much more than just an out-of-state promise to pay a New York obligation. The underlying loan transaction was negotiated and consummated in New York. MMA, a New York partnership, received the proceeds of the loan in New York, and was to make payment here. The co-endorsement of the defendant (as well as those of 24 other endorsers) was an integral part of the loan transaction, because plaintiff would not grant the loan unless it was fully secured. Payment on the guarantee was to be made to the plaintiff in New York, and the defendant expressly agreed that the obligation would be governed by New York law. While defendant signed the letter of co-endorsement in Oregon, it was delivered to New York with his consent, and was affixed to the note in New York, pursuant to his written authorization to MMA, "with the same force and effect as if [defendant] had endorsed the Note" personally.

Similar facts were held to confer jurisdiction over a nonresident guarantor by the New York Court of Appeals in *Hi Fashion Wigs, Inc., v. Peter Hammond Advertising Inc.*, 32 N.Y.2d 583, 347 N.Y.S.2d 47, 300 N.E.2d 421 (1973). *See also Bankers Trust Co. v. Kline*, 52 A.D.2d 775, 382 N.Y.S.2d 795 (1st Dep't 1976); *Banco Espanol De Credito v. DuPont*, 24 A.D.2d 445, 261 N.Y.S.2d 233 (1st Dep't 1965). The defendant invested in a New York partnership by authorizing delivery to New York of his co-endorsement of a loan he knew was being advanced in New York by a New York bank. He thereby "purposefully avail[ed himself] of the privilege of conducting activities within [New York]" and accordingly is properly subject to jurisdiction in this Court pursuant to New York CPLR § 302(a)(1). *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).

SO ORDERED.

Dated: New York, New York

May 24, 1984