Forte, J.
This is ©e plaintiff’s appeal of ©e trial court’s allowance of a Dist./Mun. Cts. R. Civ. P., Rule 12©) (2) motion to dismiss for lack of personal jurisdiction over defendant James A. Jackson (“Jackson”). The report indicates that Jackson was served pursuant© G.L.c. 223A, § 3 (©e Massachusetts “Long-ArmStatute”), and ©at no service was made upon either defendant Barmack, Inc. (“Barmack”) or defendant John S. Mackey (“Mackey”).
Plaintiff A. I. Credit is a New Hampshire corporation which maintains its principal place of business in Connecticut, and conducts its financial transactions from its New York City, New York office. Its July 20,1992 complaint in ©is action sought both ©e recovery of $30,815.73 in rental payments owed by defendant Barmack upon its breach of ©e parties’ equipment lease agreement, and the re©rn of ©e equipment. Barmack is described in ©e complaint as a Massachusetts corporation wi© a principal place of business in Haverhill, Massachusetts.
Attached to ©e complaint are ©e parties’ Master Lease Agreement (“©e lease”), related Schedule and Commencement Certificate. The lease lists ©e plaintiff’s New York office as its place of business, and outlines a long-term transaction similar to ©e finance lease arrangements described in Mayflower Seafoods, Inc. v. Integrity Credit Corp., 25 Mass. App. Ct. 453 (1988) and Patriot Gen. Life Ins. Co. v. CFC Invest. Co., 11 Mass. App. Ct. 857 (1981). The lease was for a ©irty-six mon© term at a mon©ly rental of $893.21. Pursuant to its terms, Barmack was responsible for ©e selection of bo© ©e equipment and its vendor or supplier, and all aspects and costs of ©e delivery, installation, testing and use of the equipment. The plaintiff’s obligations to purchase ©e equipment and lease it to Barmack were contingent upon its receipt and approval, prior to an “Acceptance Date,” of a completed Schedule and Certificate from Barmack. The complaint alleges ©at Barmack “executed and delivered” ©e lease on June 26, 1990. The lease and related Schedule were signed by ©e plaintiff’s director of operations on July 20,1990. The Commencement Certificate executed by Barmack recites “that all equipment... has been delivered and fully installed.”
The plaintiff’s claims against defendants Jackson and Mackey are predicated exclusively upon their individual executions of separate, personal guaranties of Barmack’s obligations under the equipment lease. The complaint describes Jackson as an individual residing in Plano, Texas, and alleges that he “executed and delivered” aguaranty on June 28,1990. No©ingin the record indicates where ©is documentwas executed. The guaranty, which is unconditional and continuing, recites:
In order© induce itheplaintiffl to enter into the Agreement and Schedule and for other good and valuable consideration, ©e receipt and sufficiency of *93 which are hereby acknowledged, FTacksonl.. .unconditionally guarantee f si to [plaintiff] the full and prompt payment, observance and performance when due of all obligations under the Agreement [emphasis supplied].
The guaranty lists Jackson’s address on June 28, 1990 as “600 Bullfinch Drive, Andover, MA01810.” Paragraph 8 contains Jackson’s consentto the jurisdiction of any state orfederal court inNewYork,awaiver of any defense of impropervenue orforum non conveniens in a New York proceeding and a choice of New York law to govern the guaranty.
Jackson filed an affidavit in support of his Rule 12(b) (2) dismissal motion which states, in pertinent part, that he is a Texas resident and has not resided in Massachusetts since July, 1991; that he resigned as “Officer of Barmack, Inc.” in September, 1990; and that he does not conduct or transact any business in this Commonwealth.
The trial court entered a judgment of dismissal upon its allowance of the “Defendants” Rule 12(b) (2) motion.[2]
1. A plaintiff confronted by a Rule 12(b) (2) motion to dismiss bears the burden of proving sufficient facts to permit the court’s proper exercise of jurisdiction over the defendant. Morrill v. Tong, 390 Mass. 120, 129 (1983); Kleinerman v. Morse, 26 Mass. App. Ct. 819, 820 (1989). A court’s assertion of long-arm jurisdiction, when challenged by a non-resident defendant, is thus dependent upon the plaintiffs satisfaction of two criteria: that the defendant engaged in activities cognizable under a specific subsection of G.L.c. 223A, and that the exercise of jurisdiction would be consistent with the traditional due process requirements of “fair play and substantial justice.” Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979); C. H. Babb Co. v. A. M. Mfrg. Co., 14 Mass. App. Ct. 291, 293 (1982). For purposes of such analysis, only uncontroverted facts before the court may be accepted as true, Id. at 293, and no unnecessary inferences in favor of the plaintiff may be drawn from the defendant’s affidavit. Nichols Assoc., Inc. v. Starr, 4 Mass. App. Ct. 91, 94 (1976).
2. The plaintiffs ability to establish “some basis of jurisdiction enumerated in” the Massachusetts Long Arm Statute, Good Hope Indus. Inc. v. Ryder Scott Co., supra at 6, is necessarily restricted by the fact that the plaintiffs suit against Jackson in Massachusetts is based exclusively on his written guaranty, and that Jackson was a Texas resident at the time this action was commenced.[3] Thus the only statutory grant of jurisdiction relevant herein is G.L.c. 223A, § 3 (a) pertaining to actions arising from the “transacting of business” in this Commonwealth.
The information advanced by the plaintiff in support of its Section 3 (a) claim is at best meager.[4] Noticeably absent from the plaintiffs allegations and averments is any suggestion that J ackson’s guaranty was signed in Massachusetts. Evidence of J ackson’s contract execution in this Commonwealth would have constituted proof of his transaction of business within the literal meaning of G.L.c. 223A, § 3 (a). Carlson Corp. *94 v. University of Vt., 380 Mass. 102, 105 (1980); Johnson v. Witkowski, 30 Mass. App. Ct. 697, 713 (1991). Presumably, the place of the defendant’s execution of the guaranty at issue is a fact which the plaintiff could easily have established. Its failure to do so remains unexplained.
Contrary to Jackson’s contentions, however, the absence of evidence of his in-state execution of the guaranty is not fatal to the plaintiff s successful invocation of Section 3 (a). Jurisdictional analysis may transcend the mere formalities of contract law, Bond Leather Co. v. Q. T. Shoe Mfgr. Co., 764 F.2d 928, 933 (1st Cir. 1985), and the statutory concept of transacting business is not confined to conduct or activities which physically take place within state geographical bounds. Good Hope Indus., Inc. v. Ryder Scott Co., supra at 10-11. See also, e.g., Gunner v. Elmwood Dodge, Inc., 24 Mass. App. Ct. 96 (1987); Ballroom Bouquets, Inc. v. Balloon Telegram Deliv., Inc., 18 Mass. App. Ct. 935, 936-937 (1984). The Massachusetts Long Arm Statute authorizes the assertion of personal jurisdiction “to the limits allowed by the Constitution of the United States.” “Automatic” Sprinkler Corp. of America v. Seneca Foods Corp., 361 Mass. 441, 443 (1972). See generally, Carlson Corp. v. University of Vt., supra at 103 n.s; Boston Super Tools, Inc. v. RW Tech., Inc., 467 F. Supp. 558 (D. Mass. 1979). Section 3(a) covering the transaction of business has been broadly construed, Heins v. Willhelm Loh Wetzlar Optical Mach. GmbH & Co. KG., 26 Mass. App. Ct. 14, 17 (1985); Hahn v. Vermont Law School, 698 F.2d. 48, 51 (1st Cir. 1983), to embrace “any purposeful acts... whether personal, private or commercial” which give rise to the cause of action at issue. Ross v. Ross, 371 Mass. 439, 441 (1976). See generally, Morrill v. Tong, supra at 130; Johnson v. Witkowski, supra at 713. Pursuant to such expansive guidelines, see A-Connoisseur Transp. Corp. v. Celebrity Coach, Inc., 742 F.Supp. 39, 42 (D. Mass. 1990), the G.L.c. 223A, § 3 (a) jurisdictional requirement may be satisfied by evidence that the non-resident defendant engaged in a “purposeful and meaningful business transaction," Johnson v. Witkowski, supra at 713, with some impact on Massachusetts commerce. See Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 154 (1978).
In the instant case, Jackson personally guaranteed, on unconditional and continuing terms, more than $32,000.00 in financial obligations of Barmack, a Massachusetts corporation of which he was an officer, to induce a national finance-lessor to make available equipment for Barmack’s long-term commercial use in Massachusetts. Although personal jurisdiction over a non-resident corporate officer or director cannot generally be predicated solely on the instate activities of the corporation, Shaffer v. Heitner, 433 U.S. 186, 215-216 (1977); The Stanley Works v. Globemaster, Inc., 400 F.Supp. 1325, 1336 (D. Mass. 1975), Jackson’s guaranty was an individual undertaking entered into while Jackson was still a resident of Massachusetts. His role in providing the financial assurances prerequisite to the plaintiff’s transaction with Barmack may be deemed an activity “having a relevant and significant effect in Massachusetts.” Kleinerman v. Morse, supra at 825.
The guaranty of the commercial debts of a Massachusetts corporation, even though executed outside of Massachusetts by a non-resident with no Massachusetts corporate affiliations, has been held to constitute the transaction of business in this Commonwealth within the literal meaning of G.L.c. 223A, § 3 (a). Bond Leather Co. v. Q. T. Shoe Mfgr. Co., supra at 932.[5] Given the additional elements herein of Jackson’s *95 Massachusetts residency and role as corporate officer notpresentinBondLeatker, we holdthattheplaintiffhas advancedfacts marginally sufficientto demonstrate a “nexus between the claim asserted and conduct affecting the Commonwealth,” Debreceni v. Bru-Jell Leasing Corp., 710 F.Supp. 15, 20 (D. Mass. 1989) which satisfies the G.L.c. 223A, § 3(a) statutory prerequisite for the assertion of long-arm jurisdiction over defendant Jackson in this matter.
3. The remaining, constitutional test for long-arm jurisdiction is more readily satisfied in this case as it is clear that “the defendant purposely established ‘minimum contacts’ in the forum state,” Burger King Corp. v. Rudzewicz, 471 U. S. 462, 474 (1985), which render it fair arid reasonable to require him to return to Massachusetts to defend against the plaintiffs claims.
At the time he executed the guaranty which forms the basis of this action, Jackson was a Massachusetts resident and the officer of a Massachusetts corporation. His contacts with this State were thus “continuous and systematic.” American Freedom Train Found. v. Spurney, 747 F.2d 1069, 1075 (1st Cir. 1984). In executing an unconditional, continuing guaranty of a Massachusetts corporation’s long term obligations for the lease of commercial equipmentused in this State, Jackson assumed an ongoing relationship with Massachusetts “such that he should reasonably [have] anticipated being haled into court” here. World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980). His contractual assent to a New York forum and choice of laws[6] cannot fairly be said to have rendered unforeseeable his potential involvement in a Massachusetts lawsuit to recover both equipment located here and payments owedby the Massachusetts corporation whichhehad personally guaranteed. Jackson’s subsequent resignation as an officer of Barmack and relocation to Texas terminated neither his obligations under the guaranty, nor the possibility of a Massachusetts lawsuit to enforce the same. It should be noted that Jackson has failed to advance any facts demonstrating that he would be unduly burdened if compelled to join suit in this Commonwealth. See Carlson Corp. v. University of Vt., supra at 108-109 and 109 n.10; Heins v. Wilhelm Loh Wetzlar Optical Mach. GmbH & Co. KG., supra at 26.
4. Accordingly, the allowance of the defendant’s Rule 12 (b) (2) motion to dismiss for lack of jurisdiction is hereby reversed and vacated. This case is returned to the Haverhill Division for further proceedings on the plaintiff’s claim against defendant Jackson.
The court’s Dist./Mun. Cts. R. Civ. P., Rule 4(j) dismissal of the action against defendants Barmack and Mackey is also to be amended to reflect that a Rule 4(j) dismissal for failure to effect service within ninety (90) days of complaint filing is a dismissal “without prejudice.” The trial court clerk is hereby ordered to correct the docket entry as follows: actions against defendants Barmack and Mackey are “dismissed without prejudice.”
So ordered.

Only defendant Jackson filed a motion to dismiss. However, both the report and docket indicate that no service was ever made upon defendants Mackey or Barmack. See Dist./Mun. Cts. R. Civ. P., Rule 4 Q).

Contrary to the plaintiffs contentions, Section 2 of G.L.c. 223A is inapplicable as the plaintiff has failed to advance any facts demonstrating that Jackson, although a Texas resident, was legally a Massachusetts domiciliary at the time of service of process. Compare, e.g., the detailed evidence of residence v. domicile in Kennedy v. Kennedy, 10 Mass. App. Ct. 113, 119 (1980). Jackson’s former Massachusetts residence is irrelevant under G.L.c. 223A, § 2 as the basis of jurisdiction asserted by a plaintiff must exist at the time the action is commenced. RESTATEMENT (SECOND) CONFLICT OF LAWS § 26 (1971).

 Ihe plaintiff has in fact offered little beyond the allegations of his complaint and copies of the lease and guaranty. Under such circumstances, the trial court could have conducted an evidentiary hearing instead of deciding the jurisdictional issue on the documents alone. See Kleinerman v. Morse, supra at 821 n.4.

 See also, Salter v. Lawn, 294 F.Supp. 882 (D. Mass. 1968) (non-resident’s execution in Massachusetts of guaranty of debts of Massachusetts corporation, owned and controlled by guarantor, constituted the transaction of business). But cf. Kahn Paper Co. v. Crosby, 476 F.Supp. 1011 (D. Mass. 1979) (non-resident who executed guaranty in Connecticut of Connecticut buyer’s payments to Massachusetts plaintiff held not subject to § 3(a) jurisdiction). The First Circuit Court of Appeals noted in Bond Leather Co., supra at 933, that the Kahn Paper decision rested almost exclusively on the absence of any activity in Massachusetts relative to the guaranty, and that Kahn Paper predated the Supreme Judicial Court’s directive in Good Hope Indus, that physical presence is not required to satisfy § 3(a). In referencing these federal *95 decisions, we remain cognizant that jurisdictional analysis is unavoidably “sensitive to the particular facts of each case.” Morrill v. Tong, supra at 129. Although Jackson was, unlike the Salter and Kahn Paper defendants, a Massachusetts resident at the time he signed the guaranty at issue, there is no evidence that he had the same financial interest in, or managerial control of, the corporation.

 A contractual choice of law provision is not dispositive of jurisdictional issues. See Droukas v. Divers Training Academy, Inc., supra at 156 (analyzing New York cases); Bennett Indus., Inc. v. Laher, 557 F.Supp. 965 (D.C.Tex. 1983). Similarly, judicial enforcement of a forum selection clause often hinges upon the very fundamental fairness and due process considerations governing jurisdiction analysis. See Burger King Corp. v. Rudzewicz, supra at 479; Ganis Corp. of Calif. v. Jackson, 822 F.2d 194 (1st Cir. 1987).