Curtin, J.
Summary judgment was entered in this case for plaintiff Citibank (South Dakota), N.A (“Citibank”) on its claim for payment of the delinquent credit card account of defendant Charles Garabedian (“Garabedian”). Garabedian admitted that he applied for, received, and used the credit card in question, and did not dispute the account balance owed. Instead, Garabedian’s sole argument on this appeal is that this collection action by Citibank to recover his outstanding account balance was barred by the principles of res judicata.[1]
Citibank issued two credit cards to Garabedian: a MasterCard with a number ending in 8962 (“MasterCard 8962”) that is the basis of this action, and a Visa card ending in 8187 (‘Visa 8187”).[2] Garabedian admits that he used both credit cards, and eventually stopped making payments on those accounts.
On April 8, 2005, Citibank filed a civil action against Garabedian in the Lawrence Division of the District Court Department (#0518-CV-0777) to recover the unpaid balance on his Visa 8187 account. The action was dismissed for Citibank’s failure to serve Garabedian within 90 days of complaint filing in compliance with Mass. R. Civ. P., Rule 4(j). The trial court allowed, however, Citibank’s motion to vacate the Rule 4® dismissal and to extend the time for service. Citibank completed service of process, and Garabedian was thereafter defaulted for failing to answer. On January 11, 2007, a default judgment was entered against Garabedian for breach of his Visa 8187 credit card account.
On October 5, 2006, Citibank filed civil action #0618-CV-1352 in the Lawrence District Court against Garabedian to collect the balance owed on his MasterCard 8962 credit card. The action was dismissed on February 5,2007 pursuant to Rule 4® for Citibank’s failure to effect timely service of process.
On January 14, 2008, Citibank filed this second action to recover payment on *90 Garabedian’s MasterCard 8962 account (Lawrence District Court #0818-CV-0065). Both parties moved for summary judgment. In support of his Mass. R. Civ. R, Rule 56, motion, Garabedian argued that res judicata barred this action because Citibank’s first MasterCard 8962 action had been dismissed, and Citibank had been obligated, in any event, to include its claims on both Garabedian’s MasterCard and Visa cards in its first collection action in 2005. The motion judge denied Garabedian’s motion, noting: “There being no indication that the 1st case was dismissed with prejudice or that the matter was decided on the merits, the cross motion for summary judgment is Denied" (emphasis in original). Citibank’s motion was then allowed, and summary judgment was entered in its favor.
1. “The term ‘res judicata’ describes doctrines by which a judgment has a binding effect in future actions. It comprises both claim preclusion (also known as ‘merger’ and ‘bar’) and issue preclusion (also known as ‘collateral estoppel’).” Jarosz v. Palmer, 436 Mass. 526, 530 n.3 (2002). Garabedian relies in this case on “claim preclusion,” the doctrine that “makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the [prior] action.” Massaro v. Walsh, 71 Mass. App. Ct. 562, 564-565 (2008), quoting Heacock v. Heacock, 402 Mass. 21, 23 (1988).
It is clear that the Rule 4© dismissal of Citibank’s 2006 action to recover payment on Garabedian’s MasterCard 8962 account did not preclude this second action on the same debt. The reason is that a Rule 4(j) dismissal is a dismissal “without prejudice.”[3] A.I. Credit Corp. v. Barmack Inc., 1993 Mass. App. Div. 92, 95. Generally, a dismissal “without prejudice” is not considered a decision on the merits for res judi-cata purposes, Ogens v. Northern Indus. Chem. Co., 304 Mass. 401, 402-403 (1939); Chittenden Trust Co. v. Levitt, 26 Mass. App. Ct. 208, 212 (1988), because it is a dismissal “based solely on preliminary questions of jurisdiction or related threshold concerns and the court has not [yet] reached the substantive issues involved.” Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 694 (1974). The very purpose of designating a dismissal as one “without prejudice” is “to prevent such [dismissal] from being a bar to further litigation, not, however, by limiting the effect of an actual adjudication on the merits, but rather by showing that no such adjudication was made” (citation omitted). Ogens, supra at 402-403. Thus, the Rule 4(j) dismissal of Citibank’s 2006 action on Garabedian’s MasterCard 8962 credit card account was “without prejudice” to Citibank’s right to commence this second action to recover on that debt.
2. Garabedian’s remaining contention is that claim preclusion bred this action on his MasterCard 8962 credit card because Citibank should have included that account balance in its 2005 initial collection action on his Visa 8187 credit card. Simply stated, Garabedian’s argument is based on the prohibition of claim splitting. *91 Claim preclusion “is a ramification of the policy considerations that underlie the rule against splitting a cause of action, and is ‘based on the idea that the party to be precluded has had the incentive and opportunity to litigate the matter fully in the first lawsuit.’” Heacock, supra at 24, quoting A. Vestal, Res Judicata/Preclusion V-401 (1969).
To invoke claim preclusion successfully, the burden of proof was on Garabedian, Baby Furniture Warehouse Store, Inc. v. Meubles D&F Ltee, 75 Mass. App. Ct. 27, 33 (2009), to establish the following three elements: “(1) the identity or privity of the parties to the present and prior actions; (2) identity of the cadge of action; and (3) prior final judgment on the merits.” Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005), quoting Franklin v. North Weymouth Coop. Bank, 283 Mass. 275, 280 (1933). There is no question that the first element is satisfied here, as the only parties to both this action and Citibank’s 2005 suit are Garabedian and Citibank. The third element has also been met, despite the fact that the default judgment that concluded the 2005 collection action was, by definition, not an adjudication on the merits. For claim preclusion purposes, a default judgment operates as a final disposition of the claims in that action, and has the same conclusive effect on the parties to that action as a judgment entered after a trial on the merits would have had. Riehle v. Margolies, 279 U.S. 218, 225 (1929); United States v. $23,000 in United States Currency, 356 F.3d 157, 163 (1st Cir. 2004).[4]
The record does not, however, support Garabedian’s argument that the second element of claim preclusion, identity of the cause of action, was satisfied in this case. Claims are the same for res judicata purposes only when they “derive from the ‘same transaction or series of connected transactions.’” Baby Furniture Warehouse, supra at 34, quoting Saint Louis v. Baystate Med. Ctr., Inc., 30 Mass. App. Ct. 393, 399 (1991). Garabedian argues that while the MasterCard and Visa credit cards in question were separate cards and accounts, they were both issued by Citibank; that although both cards were used for his personal purchases, they were also both used primarily by him and his employees for business purchases from the same two or three vendors; that the cards were used randomly, depending on which account offered the necessary amount of credit at the time of a purchase; that both accounts carried approximately the same rate of interest; and that he defaulted in his payments on the two accounts at about the same time. While Garabedian’s contentions establish that he used the two credit cards interchangeably, treating them almost as a single source *92 of available credit from Citibank, he has failed to demonstrate that the separate credit card accounts actually arose from, or constituted, the “same transaction, act, [or] agreement.” TLT Constr. Corp. v. A. Anthony Tappe & Assocs., Inc., 48 Mass. App. Ct. 1, 8 (1999), quoting Mackintosh v. Chambers, 285 Mass. 594, 596 (1934).
Garabedian’s application for, acceptance, and use of each of the two distinct credit cards constituted two separate contracts with Citibank. Absent anything in the record to the contrary, it may be reasonably inferred from the attachments to Citibank’s summary judgment motion that each of the credit cards in question was governed by a separate credit card agreement, and had its own respective and revolving balances, billing cycle, and individual postings or transactions. Each credit card account, with a discrete account number, carried its own line of credit. Payments made on one account had no effect on the balance due on the second card. Thus, evidence of a claim or defense in this second action on MasterCard 8962 would not be identical to evidence of the claim and any defense in the 2005 action on Visa 8187. The record does not indicate that the facts underlying each of the contracts and Garabedian’s breach of the same are “related in time, space, origin, or motivation, [or that] they form a convenient trial unit, [or that] their treatment as a unit conforms to the parties’ expectations” or business understanding or usage. Mancuso v. Kinchla, 60 Mass. App. Ct. 558, 571 (2004), quoting RESTATEMENT (SECOND) OF JUDGMENTS §24 (1982).
In short, Garabedian entered into two separate contracts with Citibank. “Generally, if a man is content to make two legally binding contracts, he consents to accept the legal consequence of malting two instead of one, namely, liability to a judgment upon each unless he performs it.” Vanuxem v. Burr, 151 Mass. 386, 388 (1890). Citibank’s 2005 suit to recover payment on Garabedian’s Visa credit card did not bar this action by Citibank to recover payment on Garabedian’s MasterCard.
Summary judgment affirmed.
So ordered.

 Garabedian complied with Mass. R Civ. R, Rule 8(c), by specifically pleading the affirmative defense of res judicata in his answer.

 While the credit cards are referred to by their last four numbers throughout the record, it is only in Citibank’s brief that the cards issued to Garabedian are identified as a MasterCard and a Visa.

 Rule 4(j) states, in relevant part: “If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion” (emphasis added).

 Similarly, a dismissal with prejudice is considered “an adjudication on the merits as fully and completely as if the order had been entered after trial [,]” Bagley v. Moxley, 407 Mass. 633, 637 (1990), quoting Boyd v. Jamaica Plain Co-op. Bank, 7 Mass. App. Ct. 153, 157-158 n.8 (1979), and bars, on res judicata grounds, relitigation of all claims included in the action.
The 2005 default judgment entered against Garabedian would not, however, have permitted him to invoke issue preclusion as a bar to this action. Unlike claim preclusion, issue preclusion is applicable only to issues or claims that were actually litigated in the prior action and determined by a final judgment on the merits. Treglia v MacDonald, 430 Mass. 237, 241-242 (1999); Cousineau v. Laramee, 388 Mass. 859, 863 n.4 (1983).