**BOSTON SUPER TOOLS, INC.,**
**Plaintiff,**

v.

**RW TECHNOLOGIES, INC. f/k/a**
**Rotorway, Inc., Defendant.**

**Civ. A. No. 78–1126–C.**

United States District Court,
D. Massachusetts.

March 28, 1979.

Bertram E. Snyder, Kisloff, Hoch, Flanagan & Snyder, Boston, Mass., for plaintiff.

William J. Cheeseman, Foley, Hoag & Eliot, Boston, Mass., for defendant.

## OPINION

CAFFREY, Chief Judge.

This is a civil action wherein plaintiff seeks recovery for an alleged breach of warranty and for violation of Mass.Gen. Laws ch. 93A, § 11, by defendant in the sale of gasoline-powered drills and saws. Plaintiff, Boston Super Tools, Inc., is a Massachusetts corporation. Defendant, RW Technologies, Inc., formerly known as Rotorway, Inc., is a Delaware corporation. In April, 1976, Rotorway, Inc.'s name was changed to RW Technologies, Inc., and its drill and saw business, which was previously part of its Piston Powered Products division, was transferred to a wholly-owned subsidiary, Piston Powered Products, Inc., an Arizona corporation. RW Technologies has its principal place of business in Arizona. Service of process was made by mail in Delaware purportedly under the Massachusetts long-arm statute, Mass.Gen.Laws Ch. 223A, § 3.

Rotorway moved, under Fed.R.Civ.P. 12(b)(2), to dismiss the suit for insufficient service of process and lack of personal jurisdiction. In the alternative, defendant moved for summary judgment on Count II of the complaint, contending defendant is within the interstate commerce exemption of Mass.Gen.Laws Ch. 93A. The motion was supported by an affidavit of the defendant's president alleging facts bearing on both issues. After hearing, I find and rule as follows.

■ Confronted with a motion to dismiss, plaintiff bears the burden of establishing the facts upon which the question of personal jurisdiction over the defendant is to be determined. *E. g., KVOS, Inc. v. Associated Press,* 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936); *ARO Manufacturing Co. v. Automatic Body Research Corp.,* 352 F.2d 400 (1st Cir. 1965), *cert. denied,* 383 U.S. 947, 86 S.Ct. 1199, 16 L.Ed.2d 210 (1966).

The plaintiff has submitted affidavits and exhibits alleging facts bearing on the issue of jurisdiction. For purposes of a motion to dismiss, the Court will accept all assertions contained in plaintiff's affidavits as true. The facts alleged by the plaintiff in its affidavits are essentially as follows. Sometime in 1975, the plaintiff's president, Phillip A. Vultaggio, saw the defendant's advertisement for the sale of drills in a nationally distributed publication entitled *Popular Mechanics.* Vultaggio, from his office in Massachusetts, telephoned to the defendant in Arizona to discuss acting as a distributor for defendant. Thereafter, Robert Everts, defendant's vice president, gave Vultaggio's name to one Elliot Srebrenick, President of Elliot and Associates, as someone who had indicated an interest in Rotorway's product line as a result of seeing an advertisement. Srebrenick, from Arizona, contacted Vultaggio by telephone and informed him that Rotorway marketed its tools exclusively through Elliot and Associates, an Arizona corporation, and explained the marketing program and the purchase requirements necessary to secure a Rotorway distributorship. As a result of that conversation, Vultaggio ordered four drills for examination which Rotorway sent, the terms net 30 days.

Thereafter, Srebrenick came to Massachusetts and negotiated a distributorship agreement with plaintiff, subject to defendant's acceptance. Between July, 1975 and April, 1976, defendant filled six orders for plaintiff. In all Super Tools bought for resale over 500 drills and saws, totalling approximately $62,000 in value. Within those orders, Invoice No. 955 reveals that 150 saws were sent to plaintiff for its Maine, Vermont and New Hampshire distributorship.

Uncontroverted statements in defendant's affidavit establish that all but one order for two saws were sent after defendant received payment for the goods in Arizona. All but the last order were shipped by Piston Powered Products by placing the goods into the hands of a common carrier for shipment to Super Tools, freight collect. In addition, defendant sent to plaintiff miscellaneous spare parts and other materials with a total value of $1,500 during a two-and-a-half year period.

During that period plaintiff communicated frequently with defendant with respect to orders and services. On or about March 1, 1976 plaintiff began to receive complaints from its customers concerning the performance of the tools it sold in Massachusetts. Plaintiff travelled in May and September, 1976, to Rotorway's Arizona office to discuss problems with the tools and the future of the distributorship.

■ It is well settled that the law of the forum state determines the amenability of a foreign corporation to suit in a diversity action in a federal court. *E. g., Caso v. Lafayette Radio Electronics Corp.,* 370 F.2d 707 (1st Cir. 1966).

Mass.Gen.Laws Ch. 223A, § 3, provides in part that:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth; or (b) contracting to supply services or things in this commonwealth.

Jurisdiction under the Massachusetts long-arm statute is limited only by the constraints of due process. A plaintiff must demonstrate that the defendant established "certain minimal contacts" within Massachusetts so "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). More specifically, in order for a non-resident defendant to be subject to jurisdiction, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958); *Accord, Ross v. Ross*, Mass.Adv.Sh. 2726, 2728, 358 N.E.2d 437, 438–39 (1976); *Automatic Sprinkler Corp. of America v. Seneca Foods Corp.*, 361 Mass. 441, 443, 280 N.E.2d 423, 425 (1972).

Within the constitutional framework, the court must consider a number of factors, "including the nature and purpose of the contacts, the connection between the contacts and the cause of the action, the number of contacts, the interest of the forum, and the convenience and fairness to the parties." *Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079, 1083 (1st Cir. 1973).

Defendant contends that its contacts with Massachusetts were insufficient to afford this Court jurisdiction over it. It contends that dismissal of this action is compelled by *Droukas v. Divers Training Academy, Inc.*, Mass.Adv.Sh. 1175, 376 N.E.2d 548 (1978).

In *Droukas* the Court found that defendant's only contacts with Massachusetts were the placement of an advertisement in a publication distributed in the Commonwealth, the receipt in Florida of a telephone call from the plaintiff in Massachusetts in regard to the purchase of two engines, the sending of correspondence to the plaintiff confirming the sale, and the shipment of the engines "collect" to the plaintiff in Massachusetts. In addition, the Court found that neither defendant, its corporate president nor any of its agents had previously done business within the Commonwealth or had any other contact. Those contacts were insufficient to constitute the transaction of business in the Commonwealth so as to bring defendant within the reach of § 3(a). *Id.* at 1181, 376 N.E.2d at 551. *See also Automatic Sprinkler Corp. of America v. Seneca Foods Corp., supra.* In so ruling, the Court cautioned that "what activities constitute the transaction of business in this or any other case must be decided on the particular facts involved." *Droukas v. Divers Training Academy, supra* at 1184, 376 N.E.2d at 552–53.

Defendant in the case at bar places great emphasis on the fact that the goods were shipped to Massachusetts, freight collect, causing title to pass in Arizona. I note that in *Vencedor Mfg. Co., Inc. v. Gougler Industries*, 557 F.2d 886, 890 (1st Cir. 1977), the Court in construing the Puerto Rico long-arm statute refused to consider "place of making" or "f. o. b. designations when analyzing jurisdiction in mail order cases." It is unclear to what degree the Massachusetts Supreme Judicial Court in *Droukas* weighed the designation factor in its analysis under Section 3(a). It appears that the Court considered the fact that it had before it an isolated transaction with a slight effect on the commerce of Massachusetts as determinative of the question whether jurisdiction lies under the Massachusetts long-arm statute. *Droukas v. Divers Training Academy, supra* at 1181, 376 N.E.2d at 551.

In the present case, the facts establish substantially greater contacts than those found in *Droukas*. Rotorway's activities cannot be considered merely as an isolated transaction with a slight effect on the commerce of the Commonwealth. Rather, I rule that defendant's activities, namely, the sale to plaintiff, a Massachusetts distributor, pursuant to a distributorship agreement, of a substantial number of products over more than a year's time for the purpose of being resold under the Rotorway name within Massachusetts and the frequent communication with plaintiff, are the kind of acts "by which a defendant purpose-

fully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla, supra.* Accordingly, I rule that Rotorway was transacting sufficient business in Massachusetts to supply a basis for jurisdiction under the Massachusetts long-arm statute, Mass. Gen.Laws ch. 223A, § 3(a), and, thus, its motion to dismiss should be denied.

■ In so ruling, I do not rely on plaintiff's contention that Elliot and Associates was Rotorway's agent within the meaning of Mass.Gen.Laws ch. 223A, § 3(a), since the facts as stated fail to establish the requisite control by defendant, *Singer v. Piaggio & Co.*, 420 F.2d 679, 681 (1st Cir. 1970); *Walsh v. National Seating Co.*, 411 F.Supp. 564, 570 (D.Mass.1976), or that Elliot and Associates had authority to bind defendant.

Because I find jurisdiction over Rotorway under Mass.Gen.Laws ch. 223A, § 3(a), it is unnecessary to consider plaintiff's contention that Rotorway is subject to suit under Mass.Gen.Laws ch. 223A, § 3(b).

Defendant has also moved for summary judgment on Count II of the complaint, which alleges, in effect, that defendant failed to provide merchantable products, to unconditionally guarantee its products for 30 days, and to provide a product that complied with OSHA regulations, all in violation of Mass.Gen.Laws ch. 93A, § 11.

Mass.Gen.Laws ch. 93A, § 3(1) provides that "[n]othing in this chapter shall apply to . . . (b) trade or commerce of any person of whose gross revenue at least twenty per cent is derived from transactions in interstate commerce, excepting however transactions and actions which (i) occur primarily and substantially within the commonwealth . . .." The burden of proving exemption from the statute is on the person claiming the exemption. *U. S. Broadcasting Corp. v. National Broadcasting Co., Inc.*, 439 F.Supp. 8, 11 (D.Mass. 1977).

■ Defendant has submitted an uncontradicted affidavit of Robert Everts, Vice President of RW Technologies, Inc., establishing that both RW Technologies, Inc., and Piston Powered Products derive far in excess of twenty per cent of their gross revenues from interstate commerce. I rule that even when viewing the facts detailed above in the light most favorable to the plaintiff, *Gutor International AG v. Raymond Packer Co., Inc.*, 493 F.2d 938, 944 (1st Cir. 1974), the transactions involved in this case occurred "primarily and substantially" in Arizona, not Massachusetts. *U. S. Broadcasting Corp. v. National Broadcasting Co., Inc., supra. Cf. Dodd v. Commercial Union Insurance Co.*, Mass.Adv.Sh. 1540, 1553, 365 N.E.2d 802 (1977) (holding exemption does not apply since parties agreed that more than 20% of defendant's gross revenues derived from interstate commerce and that the transactions involved occurred primarily and substantially in Massachusetts). Accordingly, defendant's motion for summary judgment on plaintiff's Count II should be allowed.

Order accordingly.