A. J. CUNNINGHAM PACKING
CORP., Plaintiff,

v.

FLORENCE BEEF COMPANY,
Defendant.

Civ. A. No. 80–2389–MC.

United States District Court,
D. Massachusetts.

Jan. 8, 1982.

516

Arnold E. Cohen, Malcolm D. Finks, Englander, Englander & Englander, Boston, Mass., for plaintiff.

Thomas D. Burns, Burns & Levinson, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT

McNAUGHT, District Judge.

This action came on to be heard on defendant Florence Beef Company's motion for summary judgment, predicated on an asserted lack of personal jurisdiction over the defendant, and upon asserted lack of proper service.

The plaintiff is a Massachusetts corporation. The defendant is incorporated under the laws of the State of Maryland. Plaintiff seeks damages allegedly resulting from the defendant's repudiation of an agreement to purchase beef products. Both parties submitted affidavits and memoranda of law in support of their respective positions.

We begin with the general proposition that "the burden of proving the facts necessary to sustain jurisdiction is on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Chem Lab Products, Inc. v. Stepanek*, 554 F.2d 371 (9th Cir. 1977); *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483 (5th Cir. 1974)", *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 904 (1st Cir. 1980).

In December of 1979, four loads of boneless beef were ordered by the defendant from the plaintiff through the Lincoln Brokerage Corporation, Jenkintown, Pennsylvania. Florence Beef does no advertising within the Commonwealth of Massachusetts, has no office or warehouse within the Commonwealth of Massachusetts, has no sales representatives, agents or employees within the Commonwealth, and is not registered with the Secretary of State of the Commonwealth or any other agency. It has never been so registered.

(Affidavit of Marvin H. Weiner, Assistant Treasurer, Florence Beef Company, marked Exhibit A to defendant's memorandum).

Letters confirming the defendant's orders were sent by defendant to plaintiff December 28, 1979. The affidavit of plaintiff's operations manager contains the statement that Florence Beef on January 10, 1980 signed and returned to the plaintiff the confirmation orders which provided in paragraph 11 that: "The parties agree that at the option of the Seller (plaintiff here) the courts of Massachusetts shall have jurisdiction over the parties with respect to any controversy, claim or dispute arising out of this contract...". The defendant, acting through an employee, S. Barr, telephoned plaintiff to change the original terms of the order. Three of the confirmation orders were altered *before* the documents were returned to the plaintiff. On January 22, 1980 three loads of merchandise were delivered by plaintiff to defendant's business at Mt. Airy Cold Storage in Baltimore, and one load Ex-Dock, New York City. Defendant subsequently repudiated the agreement, claiming that the meat contained an excessive fat content, and transferring it from its own name to the plaintiff's name at the Cold Storage without plaintiff's consent. Defendant owns or controls Mt. Airy Cold Storage. Plaintiff, to regain possession, paid $4,473.60 in storage charges. Defendant also invoiced plaintiff the amount of $623.78 representing costs in shipping to Mt. Airy the meat plaintiff had delivered Ex-Dock, New York. Plaintiff also claims a loss of profit, having to resell at a lower price.

In connection with the refusal of defendant to accept the meat, defendant, through its employees, contacted plaintiff's place of business in Massachusetts on a number of occasions beginning January 28, 1980.

Plaintiff and defendant had made sales of meat products to each other prior to 1979. Plaintiff had sold to defendant substantial amounts of products in each year from 1975 through 1980, and defendant had sold to plaintiff during the years 1977, 1978 and 1979. Each of the transactions had resulted in transmittal by defendant to plaintiff in Massachusetts of hundreds of letters, invoices, order forms, and telephone calls. (See affidavit of Alexander Knight).

■ There are two sets of sales documents here actually, and they have apparently conflicting provisions regarding the law governing the contract, its place of execution, and the choice of forum. Exhibits A and B to defendant's answers to interrogatories (confirmation of sales documents) include among their terms that the contract "shall be deemed to have been entered into in the State of Maryland, and any controversy, claim or dispute arising out of the same, shall be governed by the laws of Maryland. The parties agree that at the option of the buyer, the courts of Maryland shall have jurisdiction over the parties with respect to any controversy, claim or dispute arising out of this contract...". As recited hereinbefore, exhibits to the affidavit of Alexander Knight (A–1 through A–4) entitled "Sales Confirmation Order" use the word "Massachusetts" instead of "Maryland". Ordinarily, it would seem that the court could give effect to the choice of forum chosen by the parties. Here, it is not clear what the parties agreed to, if anything. It was suggested by one of the parties that the provisions are not necessarily inconsistent; that buyer and seller could agree that the courts of both Maryland and Massachusetts should have jurisdiction over the parties. It is my opinion, and I therefore rule, that the conflicting provisions cancel each other out, by

reason of the fact that they do not indicate an *agreement* on the part of the parties. Common sense indicates that although the word "exclusive" was not used, one party intended that Massachusetts courts should have jurisdiction, while the other intended that the courts of Maryland should have jurisdiction over the person.

■■ Since the action was instituted in the Commonwealth of Massachusetts, the source, if any, for personal jurisdiction must be found in Massachusetts General Laws, c. 223A, § 3, which reads as follows:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

(a) transacting any business in the commonwealth;

(b) contracting to supply services or things in this commonwealth;

(c) causing tortious injury by an act or omission in this commonwealth;

(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;

(e) having an interest in, using or possessing real property in this commonwealth; or

(f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting.

The plaintiff must satisfy at least one of the requisites of this section, or we must decline the exercise of jurisdiction, since I have ruled that the defendant has not subjected itself by agreement to the jurisdiction of the court.

The question, then, is whether plaintiff's cause of action arose out of the transaction of business by the defendant in the Commonwealth of Massachusetts. Plaintiff argues in its memorandum that business was transacted here by the defendant, since the defendant mailed the sales confirmation orders and invoices for freight and storage charges to the plaintiff here and initiated telephone calls to the plaintiff's employees, once a dispute had arisen. These incidents were then but the latest in a great volume of transactions which had taken place between these parties over a period of four years.

■ The fact that certain agreements were reached between parties, one of which is a Massachusetts resident, does not in itself qualify as transacting business in the Commonwealth. In *Good Hope Industries, Inc. v. Ryder Scott Co.*, 378 Mass. 1, 389 N.E.2d 76 (1979), Mr. Justice Liacos wrote, 389 N.E.2d at 79:

"Generally, a claim of personal jurisdiction over a nonresident defendant presents a two-fold inquiry: (1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution? Jurisdiction is permissible only when both questions draw affirmative responses. Since we have stated that our long arm statute, G.L. c. 223A, functions as 'an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States', *"Automatic" Sprinkler Corp. of America v. Seneca Foods Corp.*, 361 Mass. 441, 443, 280 N.E.2d 423, 424 (1972), the two questions tend to coverage."

Employing another phrase authored by Justice Liacos, "the factual constellation here" —including the defendant's sales of beef over a period of years to the plaintiff and the defendant's purchases of beef from the plaintiff over the course of years, the use of telephone communication with the plaintiff in Massachusetts, the mailing of invoices in connection with the purchases involved in this dispute, and the billing of the plaintiff by mail in this Commonwealth—points to the conclusion that the defendant did indeed transact business here. The cause of action alleged by the plaintiff, arose, at least in part, by reason of that transaction

of business here. I conclude, therefore; that the requirements of section 3(a) of c. 223A are satisfied.

The constitutional criterion has also been satisfied. Maintenance of this suit does not offend "traditional notions of fair play and justice". The mailings, the telephone calls, and the billings show knowing, purposeful engagement in transactions here. These constitute purposeful activity in this forum, a purposeful involvement in the commerce of the Commonwealth. The plaintiff's cause of action arises out of those purposeful contacts. *North American Video Corp. v. Leon*, 480 F.Supp. 213 (D.Mass. 1979). The contacts evidenced in this case are more than sufficient to satisfy the constitutional test. Since the action arises out of the transaction of business here, and since there are substantial contacts between the defendant and this jurisdiction, personal jurisdiction over the defendant exists under the long arm statute of Massachusetts.

Since the court may exercise personal jurisdiction over the defendant, and since defendant's argument concerning the validity of service of process was based upon the thesis to the contrary, the service of process is sufficient.

Defendant's motion for summary judgment is, accordingly, denied.