BALLOON BOUQUETS, INC. *vs.* BALLOON TELEGRAM DELIVERY, INC. July 24, 1984. *Jurisdiction,* Nonresident, Long-arm statute.

1. The plaintiff filed a complaint in the Superior Court in Middlesex County, alleging trademark infringement, trademark dilution, false designation of origin, trade disparagement, libel, and unfair competition. The defendant, a Louisiana corporation, filed a motion to dismiss for lack of personal jurisdiction. See Mass.R.Civ.P. 12(b)(2), 365 Mass. 755 (1974). On the basis of the verified complaint, affidavits and exhibits submitted by both parties, the motion was allowed and a judgment entered dismissing the action. The plaintiff appeals, arguing that the defendant's business contacts with Massachusetts are sufficient to confer personal jurisdiction under G. L. c. 223A, § 3(*a*), as amended through St. 1976, c. 435, and to satisfy due process. We agree with the plaintiff and reverse the judgment.[1]

2. "Facing a motion to dismiss under Mass.R.Civ.P. 12(b)(2), the plaintiff[ ] bear[s] the burden of establishing sufficient facts on which to predicate jurisdiction over the defendant." *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, 378 Mass. 1, 3 (1979). The following facts are established by the parties' pleadings, affidavits and exhibits. The defendant compiles and distributes a national directory of balloon delivery companies. The directory lists the names and addresses of its subscribers, along with information about their services and prices. The defendant also acts as a clearinghouse for balloon delivery orders. For a fee, it forwards orders among the subscribers, and also forwards orders received directly from customers through a toll-free number listed in telephone directories. The defendant also provides public relations services for subscribers, and offers consulting services and

---

[1] Because we find that the defendant is susceptible to personal jurisdiction under § 3(*a*) of G. L. c. 223A, we need not consider the plaintiff's additional argument that jurisdiction is also conferred by section 3(*c*), which applies to persons "causing tortious injury by an act or omission in this Commonwealth." See *Burtner* v. *Burnham,* 13 Mass. App. Ct. 158 (1982).

legal assistance. Subscribers are encouraged to display the defendant's logo and emblem in their advertisements.

The defendant's direct contact with Massachusetts is as follows. It has solicited balloon delivery companies in the Commonwealth, and at least four companies have become subscribers. These companies are listed in the defendant's directory, and they receive a copy of it. The defendant collects fees from these subscribers for the directory listings and for delivery orders. It also lists a toll free number in the telephone directories for Boston and other Massachusetts cities and towns through which it accepts orders from customers for balloon deliveries and forwards them to its subscribers in Massachusetts and elsewhere. Finally, the defendant distributes several copies of its quarterly newsletter in Massachusetts. The newsletter informs balloon delivery dealers of recent developments in the trade. It has also been used by the defendant to raise doubts about the validity of the plaintiff's trademark and to solicit copetitioners for a challenge to the trademark in the United States Patent and Trademark Office.

3. The Massachusetts long-arm statute, G. L. c. 223A, § 3, provides that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (*a*) transacting any business in this Commonwealth . . . ." The statute authorizes the assertion of personal jurisdiction "to the limits allowed by the Constitution of the United States." *"Automatic" Sprinkler Corp. of America* v. *Seneca Foods Corp.,* 361 Mass. 441, 443 (1972). The due process clause of the Fourteenth Amendment requires that the defendant have sufficient contacts with the forum State to assure that assertion of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co.* v. *Washington,* 326 U.S. 310, 316 (1945), quoting from *Milliken* v. *Meyer,* 311 U.S. 457, 463 (1940). See *World-Wide Volkswagen Corp.* v. *Woodson,* 444 U.S. 286, 291-292 (1980), and cases cited therein. "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *Id.* at 297.

The defendant notes that it does not have a license to do business in Massachusetts, owns no property in Massachusetts, has never personally used the plaintiff's trademark in Massachusetts, and has no employees, office, bank account or local phone listing in Massachusetts. Although some common manifestations of "transacting business" are not present, the record nevertheless belies the defendant's assertion that it conducts no "direct" business in the Commonwealth. The nature of defendant's business is such that it is conducted almost entirely through the mails and by telephone. "Widespread use of the telephone and the mails make[s] actual physical presence unnecessary in many cases." *Good Hope Indus., Inc.* v. *Ryder Scott Co., supra* at 11, quoting from *McGraw* v. *Matthaei,* 340 F. Supp. 162, 164 (E.D. Mich. 1972). Through these media, the defendant has

entered into agreements with its Massachusetts subscribers, and has maintained an ongoing business relationship with them.

The defendant's activities go well beyond the mere solicitation of business. Cf. *Walsh* v. *National Seating Co.*, 411 F. Supp. 564, 569-570 (D. Mass. 1976). It earns fees by directly rendering support to Massachusetts businesses, and it profits directly from its clearinghouse services on their behalf. It collects a fee for business transactions which may take place entirely inside the Commonwealth — a Massachusetts customer may order a local balloon delivery by an order placed through the defendant's toll free number. The defendant's contacts with Massachusetts are not isolated incidents. Cf. *Droukas* v. *Divers Training Academy, Inc.*, 375 Mass. 149, 151-152 (1978); *Splaine* v. *Modern Electroplating, Inc.*, 17 Mass. App. Ct. 612, 619-620 (1984). Rather, the defendant enjoys a regular and continuing course of dealing with retailers within the State, which has a significant effect on the local balloon delivery business. See *Good Hope Indus., Inc.* v. *Ryder Scott Co., supra* at 10-11; *C.H. Babb Co.* v. *A.M. Mfg. Co.*, 14 Mass. App. Ct. 291, 292-293 (1982); *Boston Super Tools, Inc.* v. *RW Technologies, Inc.*, 467 F. Supp. 558, 561-562 (D. Mass. 1979); *Little Brown and Co.* v. *Bourne*, 493 F. Supp. 544, 546-548 (D. Mass. 1980). By initiating and executing its business transactions in the Commonwealth, the defendant has also "purposely avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson* v. *Denckla*, 357 U.S. 235, 253 (1958). See *Good Hope Indus., Inc.* v. *Ryder Scott Co., supra*; *A.J. Cunningham Packing Corp.* v. *Florence Beef Co.*, 529 F. Supp. 515, 519 (D. Mass. 1982). The defendant has not shown that the burden placed upon it by the need to defend a suit in Massachusetts outweighs the Commonwealth's "manifest interest in providing effective means of redress for its residents." *Campbell* v. *Frontier Fishing & Hunting, Ltd.*, 10 Mass. App. Ct. 53, 56 (1980), quoting from *McGee* v. *International Life Ins. Co.*, 355 U.S. 220, 223 (1957).

*Judgment reversed.*

*Lawrence M. Green* (*Edward R. Schwartz* with him) for the plaintiff.