Furnari, J.
This is an appeal by the plaintiff of the allowance of the defendant’s Dist./Mun. Cts. R. Civ. P, Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.
The plaintiff’s three-sentence complaint identified the defendant as a California resident, and alleged that the defendant owed a balance “for goods and services rendered” to him.[1] The complaint was unverified and signed by the plaintiff’s attorney. Service of the summons and complaint was made pursuant to the Massachusetts Long-Arm Statute, G.L.c. 223A, §§3, 6 by certified mail, return receipt requested, addressed to the defendant in Santa Monica, California.
The defendant filed a motion to dismiss under Rule 12(b) (2) and (b) (5) on the grounds that he was a California resident with no customary domicile or place of business in Massachusetts, that service upon him was thus invalid and that the Massachusetts trial court acquired no personal jurisdiction over him. The defendant’s motion was unaccompanied by any affidavit or other supporting materials. The plaintiff did not file an affidavit or any form of written opposition to the defendant’s motion.
Oral argument was apparently presented by both parties, but no evidentiary hearing was conducted. The trial court allowed the defendant’s motion, and a judgment of dismissal was entered.
1. Contrary to the plaintiff’s preliminary contention, the defendant’s Rule 12(b)(2) motion expressly raised the issue of personal jurisdiction, and was not fatally flawed for lack of a supporting affidavit. Indeed Rule 12 does not mandate the submission of affidavits. While the court may receive and consider affidavits in resolving a jurisdictional question, there is considerable “procedural leeway.” Kleinerman v. Morse, 26 Mass. App. Ct. 819, 821 n. 4 (1989). Thus a Rule 12(b)(2) motion may be decided on the basis of uncontroverted facts set forth in the parties’ written materials, on information adduced at an evidentiary hearing, or on the complaint itself. Id. The court’s denial of the defendant’s motion in the instant case was properly based on the meager, undisputed facts set forth in the only two docu *101 ments before the court; namely, the plaintiffs complaint and the defendant’s motion. See Maker v. Bermingham, 32 Mass. App. Ct. 971, 972-973 (1992); Heins v. Wilhelm Loh Wetzlar Optical Mach. GmbH & Co. KG, 26 Mass. App. Ct. 14, 17 (1988).
2. Of greater significance is the fact that the plaintiff itself failed to file a counter-affidavit, interrogatories, depositions, business records or any form of written opposition to the defendant’s Rule 12(b) (2) motion. It is familiar law that personal jurisdiction over a nonresident defendant may be properly exercised “only when (i) the terms of the Massachusetts long-arm statute, G.L.c. 223A, §3, are met and (ii) the constitutional requirements of due process are satisfied.” Connecticut Nat’l Bank v. Hoover Treated Wood Products, Inc., 37 Mass. App. Ct. 231, 233. (1994). The burden of advancing sufficient and specific facts which satisfy this two-prong test and upon which long-arm jurisdiction may be predicated is on the plaintiff. Morrill v. Tong, 390 Mass. 120, 129 (1983); Balloon Bouquets, Inc. v. Balloon Telegram Deliv, Inc., 18 Mass. App. Ct. 935 (1984); Nichols Assoc., Inc. v. Starr, 4 Mass. App. Ct. 91, 93 (1976). It is clear that the plaintiff failed to meet even its initial burden of demonstrating that this case is within the scope of one of the jurisdictional categories enumerated in G.L.c. 223A
The plaintiff argues that long-arm jurisdiction may be based herein on the defendant’s G.L.c. 223A §3 (a) transaction of business in this Commonwealth. The plaintiff’s complaint alleges, however, only that unspecified goods and services were rendered to a non-resident defendant at an undisclosed place and time; the complaint is devoid of any indication that the plaintiff’s contract claim arose from any business or other “purposeful” activities by the defendant in Massachusetts.[2] We reject the plaintiff’s assertion that a pyramiding of possible inferences to be derived from the single complaint allegation that plaintiff is a university with a usual place of business in Massachusetts was sufficient to satisfy its affirmative burden of establishing specific facts indicative of the requisite nexus between the defendant’s activities and the forum state.[3] Johnson v. Witkowski, 30 Mass. App. Ct. 697, 713 (1991).
In short, there was no error in the court’s allowance of the defendant’s motion to dismiss for lack of personal jurisdiction. The plaintiff’s appeal is dismissed.
So ordered.

The complaint in its entirety stated: “1. The plaintiff Harvard University resides or has a usual place of business in Cambridge, MA; 2. The defendant Felix Pretsch resides or has a usual place of business in Santa Monica, CA; 3. The defendants) owe(s) the plaintiff the amount of $16,100.12 together with costs and interest from 12/ 21/92, on or before which date demand for payment was duly made, as the balance due for goods and services rendered; Wherefore, the plaintiff demands judgment against the defendants) in the amount of $16,100.12 together with costs and interest”

The G.Lc. 223A, §3(a) term “transacting business” is “broadly construed... and applies to any purposeful acts by an individual, whether personal, private or commercial.” Haddad v. Taylor, 32 Mass. App. Ct. 332, 335 (1992).

The plaintiff argues that because it is identified in the complaint as a university with a usual place of business in Massachusetts, the court should have inferred that the only goods and services which could have been provided by the plaintiff were classroom educational services to a student who physically attended the University in Cambridge, Massachusetts. The plaintiff contends that its contract claim could thus have been read only as one for unpaid tuition owed by a former student who transacted business in this Commonwealth with “respect to living necessities.” However, as a university might provide research or consulting work for governmental, business or private interests, seminars or programs at other institutions or varied other services, there is nothing in the complaint which would have required the court to conclude that the goods and services in question could have consisted only of on-campus classroom education. There is no indication in the complaint that Cambridge, Massachusetts is the plaintiff’s exclusive place of business. In any event, the plaintiff does not address the obvious issue of why a simple factual recitation of its purported tuition claim against a former resident student was not included in the complaint, or why an affidavit or other presumably available written evidence of the defendant’s alleged matriculation was not produced in opposition to the defendant’s motion and in satisfaction of the plaintiff’s Rule 12(b) (2) burden of proof.