Sikora, J.
DISCUSSION
1.A claimant confronting a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction “has the burden of establishing the facts upon which the question of personal jurisdiction over the defendant is to be determined.” Nichols Associates, Inc. v. Starr, 4 Mass.App.Ct. 91, 93 (1976) (authorities collected). Accord, Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 3 (1979); Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978); Heider v. Heider, 34 Mass.App.Ct. 634, 637 (1993); and Balloon Bouquets, Inc. v. Ballroom Telegram Delivery, Inc., 18 Mass.App.Ct. 935, 936 (1984).
2. In this case the plaintiff Theodore Hutchinson alleges (a) that he placed an advertisement for purchase of an antique truck in the nationally circulated Hemmings Motor News inviting offers to sell to be mailed to his post office box in Athol, Massachusetts; (b) that he received an offer to sell from the defendant Douglas Stewart of Illinois; and (c) that he [Hutchinson] made payment for the truck and some related items (inferably by check drawn on Massachusetts bank or banks) from Massachusetts. Although these facts are neither detailed nor verified (comprising a brief section of the opposition to the Rule 12(b)(2) motion to dismiss), I credit them for purposes of the present decision.
3. Also I must supplement them with uncontroverted information appearing in the defendant Stewart’s motion and supporting memorandum as verified by him on October 23, 1996.
(a) Stewart, a resident of Illinois, has no property or presence in Massachusetts. His only contacts with the Commonwealth have been (i) a one-time advertisement of the antique truck in the same nationally circulated periodical; (ii) some ensuing telephone discussions with Hutchinson; and (iii) receipt of partial payment of $6,500.00 (of an agreed price of $7,500.00).
(b) The truck and related items .under sale are located in Wisconsin. Hutchinson was to take ownership of them there and apparently resell them at a profit. [In this action he seeks damages of a lost benefit of the bargain caused by Stewart’s alleged refusal to carry out the agreed sale.] The parties’ agreement or dealings did not call for the delivery of the truck and items to Massachusetts.
4. In these circumstances the tight fitting precedent of Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 153-60 (1978), still governs the subject of personal jurisdiction over the defendant.
(a) Hutchinson asserts that these factual circumstances satisfy the jurisdictional requirements of the Massachusetts long-arm statute as (i) “transacting any business” in the Commonwealth, within the meaning of G.L.c. 223A, §3(a); and (ii) “contracting to supply services or things” in the Commonwealth within the meaning of G.L.c. 223A, §3(b). Opposition.
(b) The Droukas reasoning rejects both contentions in a case of strikingly similar facts (seller’s advertisement of used boat engines in a national periodical; *721 telephone agreement for purchase by Massachusetts; no other contracts between the Florida seller and Massachusetts). The Supreme Judicial Court reasoned (1) that such an isolated, one-time dealing did not constitute “transacting business” within the Commonwealth; and (2) that it did not comprise a contract to deliver the engines to Massachusetts, but only to transfer ownership within Florida, albeit for eventual shipment to Massachusetts. (The present transaction is less connected to Massachusetts because the antique truck and other items are intended to remain in Wisconsin, to change further ownership there, and not to travel to Massachusetts.)
(c) Droukas is a modern, thoroughly reasoned, and factually similar decision. I have examined subsequent case law beyond the citations of the parties. While the language of some of the later cases suggests a somewhat more generous construction of the “transacting” and “contracting” concepts of the statute, all the later cases have addressed more transactional contacts between the Massachusetts plaintiff and the out-of-state defendant than the one-time encounter of the Droukas and Hutchinson character. See, especially, Heins v. Wilhelm Loh Wetzlar Optical Machinery GMBH & Co. KG, 26 Mass.App.Ct. 14, 17-19 (1988); Nowak v. Tak How Inv. Ltd., 899 F.Sup. 25, 26-28 (D.Mass. 1995); and Salpoglon v. Widder, 899 F.Sup. 835, 836-37 (D.Mass. 1995). Consequently Droukas is still decisive. Mr. Hutchinson has not shown that his arrangement with Mr. Stewart amounted to “transacting any business” or “contracting to supply” a good within Massachusetts as required by §§3(a) and 3(b) for exercise of jurisdiction by the Massachusetts court.
5. Because a claimant must satisfy the requirements of both the long arm statutory standards and due process standards of minimum contact, purposeful availment, and circumstantial fairness, the failure of either prevents personal jurisdiction over the nonresident. Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 6 (1979); Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994). It is unnecessary to examine the due process criteria for jurisdiction.
6. Personal jurisdiction is lacking Massachusetts. Mr. Hutchinson would have to pursue his claim in an alternate appropriate jurisdiction.
ORDER
The court therefore ORDERS entry of final judgment of dismissal for lack of personal jurisdiction, Mass.R.Civ.P. 12(b)(2).