Botsford, J.
This is a products liability action. The plaintiffs, Milton and Miguelina Morel, parents of the plaintiff Cynthia Morel (Morels), collectively allege in Count V of their complaint that the defendant, Delta Distributors, Inc. (Delta), breached its warranties with regard to the design, formulation, packaging, manufacture, distribution, labeling, marketing, advertising, inspection, and sale of bulk sulfuric acid and Instant Power Drain Opener in violation of G.L.c. 93A, §2. Further, they contend that Delta’s breach was the proximate cause of Cynthia Morel’s injury. Delta has moved to dismiss pursuant to Mass.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. For the following reasons, the motion is ALLOWED.
Background
The following are the facts relevant to the jurisdictional issue viewed in the light most favorable to the plaintiff. Tatro v. Manor Care, 416 Mass. 763, 765 (1994). See Alioto v. Marnell, 402 Mass 36, 37 (1988). The Morels, who live in Lawrence, Massachusetts, purchased a drain opener product, “Instant Power Drain Opener,” at a Home Depot Store in Salem, New Hampshire. (Complaint, ¶¶1-6.) Subsequently, on September 3, 1994 Cynthia Morel, age 10, was injured in her home in Lawrence, Massachusetts. (Complaint ¶39.) She was burned over her face and parts of her body when the container of “Instant Power Drain Opener” fell from a shelf. Her parents claim mental anguish, physical injury, and loss of consortium. (Complaint ¶42.)
Delta is a corporation with a principal place of business at 610 Fisher Road, Longview, Texas. (Third Amended Complaint [Complaint], !7A.) Delta engages in the wholesale distribution of certain chemical products. (Defendant’s Answer, ¶38.) Aquablend first purchased sulfuric acid from Delta on or about March 14, 1991. (Delta’s answer to Morels’ Interrogatory [Interrogatory], No. 2.) The sulfuric acid was shipped in bulk by common carrier directly from the supplier[3] to Aquablend. In discovery, Delta has produced invoices showing that from January to September 1994, it sold $81,779.52 in bulk sulfuric acid to Aquablend. (Interrogatory, No. 2.) Aquablend manufactured and marketed “Instant Power Drain Opener.” (Complaint, ¶10.)
Delta is not incorporated in Massachusetts, it has never been authorized to do business in Massachusetts and has never had any offices or employees in Massachusetts. It has no bank accounts, owns no real property, has no phone number, and maintains no inventory of goods in Massachusetts. Delta does not advertise in Massachusetts, nor does it solicit business in Massachusetts. Finally, Delta does not manufacture or sell liquid drain opener. (See Affidavit of David L. Baker [Affidavit], ¶¶1-14.)
Discussion
Facing a motion to dismiss under Mass.R.Civ.P. 12(b)(2), the plaintiff bears the burden of establishing sufficient facts on which to predicate jurisdiction over the defendant. Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 3 (1979). See Balloon Bouquets, Inc. v. Balloon Telegram Delivery, Inc., 18 Mass.App.Ct. 935, 935-36 (1984); See also Droukas v. Divers Training Academy, Inc., 375 Mass. 149 (1978). Inquiries into whether the exercise of personal jurisdiction is permissible are sensitive to the facts of each particular case.
“Generally, a claim of personal jurisdiction over a nonresident defendant presents a two-fold inquiry: (1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction under state law consistent with basic due process requirements mandated by the U.S. Constitution.” Good Hope Indus., Inc., 378 Mass. at 4. See Hahn v. Vermont Law School, 698 F.2d 48, 50 (1st Cir. 1983). Thus', if Delta’s conduct satisfies the requirements of the longarm statute, the court’s exercise ofjurisdiction must be consistent with the basic due process requirements under the Fourteenth Amendment. Whistler Corp. v. Solar Elec., Inc., 684 F.Sup. 1126, 1131 (D.Mass. 1988).
The Massachusetts longarm statute, G.L.c. 223A, §3, has three provisions relevant to this case: §3(a), (b), and (d). Section 3(a) allows personal jurisdiction over nonresidents transacting business in Massachusetts; §3(b) allows personal jurisdiction to nonresidents contracting to supply services or things in *513 Massachusetts; and §3(d) allows personal jurisdiction over nonresidents who either engage in business or derive substantial revenue from goods used or consumed in Massachusetts and who cause tortious injuries in Massachusetts by acts or omissions committed outside the state.[4] In order to survive a motion under Mass.R.Civ.P. 12(b)(2), then, the Morels must demonstrate that Delta Distributors falls into one of these three statutory sections and also satisfy the due process provisions of the Fourteenth Amendment.
For jurisdiction to exist under §3(a), the facts must satisfy two requirements — the defendant must have transacted business in Massachusetts and the plaintiffs claim must have arisen from that transaction of business by the defendant. Tatro v. Manor Care, Inc., supra, 416 Mass. at 767. See Droukas v. Divers Training Academy, supra, 375 Mass. at 153. The transacting-any-business clause has been construed broadly. “Although an isolated (and minor) transaction with a Massachusetts resident may be insufficient, generally the purposeful and successful solicitation of business from residents of the Commonwealth, by a defendant or its agent, will suffice to satisfy this requirement.” Tatro v. Manor Care, Inc., 416 Mass. at 767.
Delta has not transacted any business in Massachusetts. It supplied sulfuric acid to Aquablend, a Texas corporation, which in turn manufactured Instant Power Drain Opener. The Morels purchased Instant Power Drain Opener at a Home Depot in New Hampshire. Under the Massachusetts case law interpreting §3(a), Delta Distributors has not made the requisite contact with the forum state.
Similarly, Delta has not contracted to supply services or things in Massachusetts under §3(b). In Droukas, the court rejected the plaintiffs contention that defendant had contracted to do business in the Commonwealth; the defendant had a shipping contract with the Massachusetts plaintiff and, the court stated, the responsibility under that contract “ended with . . . delivery [of the merchandise] to the carrier in Florida." Droukas v. Divers Training Academy, 375 Mass. at 159. In this case, Delta distributed sulfuric acid to Aquablend in Texas from a supplier in Illinois. Delta did not contract to supply sulfuric acid to Massachusetts nor was Aquablend acting as its agent; as such, plaintiff has not demonstrated that Delta meets the requirements of §3(b).
Finally, the Morels contend that because they may potentially learn through discovery that Delta derives substantial revenue from Massachusetts, personal jurisdiction exists under the longarm statute, G.L.c. 223A, §3(d). The Morels want to continue discovery because they want to establish how much of Delta Distributor’s income was derived from consumers in Massachusetts. Even if the amount would pass muster under §3(d) of the longarm statute, however, it would not comport with the demands of due process under the Fourteenth Amendment.
The Morels must demonstrate not only that Delta derives substantial income from Massachusetts, but that Delta purposely availed itself of the privilege of conducting business in Massachusetts.
The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state. The application of that rule will vary with the qualify and nature of the defendant’s activity, but it is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.
Hanson v. Denckla, 357 U.S. 235, 253 (1958). There is nothing in the record to suggest that Delta has purposefully directed its activities towards Massachusetts. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985). Foreseeability is critical to the due process analysis; the defendant’s conduct and connection with the forum state must be such that it should reasonably anticipate being haled into court there. Id. at 474. Simply placing a product within the stream of commerce, without more, does not constitute conduct purposefully directed at the forum state. Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 112 (1987).[5]
The connection between Delta and Massachusetts is far too attenuated to meet the requirements under the Fourteenth Amendment. It would be unjust to bring Delta, a Texas Corporation with no deliberate connection to Massachusetts, into a Massachusetts court because the product it distributes in Texas, sulfuric acid, was ultimately transformed into a different product that was placed by Aquablend into the stream of commerce. Further discovery concerning any income Delta derives from sales in Massachusetts would not assist the Morels in clearing the constitutional hurdle.
ORDER
For the foregoing reasons, it is ORDERED that the defendant Delta Distributors’ motion to dismiss be ALLOWED.

 The supplier of the sulfuric acid which Aquablend purchased from Delta from January to September 1994 was Scholle, 200 West North Ave., North Lake, Illinois (Interrogatory No. 4).

 The Massachusetts longarm statute, G.L.c. 223A §3 provides, in pertinent part:
A court may exercise jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or in equity arising from the person’s
(a) transacting business in this commonwealth;
*514 (b) contracting to supply services or things in this commonwealth; [or] . . .
(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this commonwealth.

 Even if Delta knew that the sulfuric acid would end up in drain opener in Massachusetts, this knowledge does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state. Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 112 (1987).